# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Victor Tagle,

    Plaintiff

v.

Core Civic America, et al.,

    Defendants

Case No.: 2:18-cv-00544-JAD-NJK

**Order Denying Application to Proceed *In Forma Pauperis***

[ECF No. 1]

    Pro se plaintiff Victor Tagle is a prisoner who is in the custody of the Nevada Department of Corrections (NDOC) but being housed at a private prison in Arizona.[1] He has an extensive history of filing civil actions in this court that are either malicious or insufficiently pled,[2] so he is ineligible for pauper status unless he is "under imminent danger of serious physical injury."[3] Tagle applies to proceed *in forma pauperis* in this action as well, which he commenced by filing a document titled "tort action."[4] Since filing this "tort action," Tagle has also filed a slew of other motions.[5]

---

[1] Nev. Dep't of Corr. (May 31, 2018) http://doc.nv.gov/Inmates/Home/ (inmate search by name Victor Tagle or offender ID 1080239).

[2] *See Tagle v. State of Nevada*, 2:15-cv-02083-RCJ-GWF (dismissed for failure to state a claim); *Tagle v. State of Nevada*, 2:15-cv-02358-MMD-PAL (dismissed for maliciousness and failure to state a claim; *Tagle v. State of Nevada*, 2:16-cv-00852-JAD-VCF (dismissed for maliciousness and failure to state a claim). I take judicial notice of the records in these cases.

[3] 28 U.S.C. § 1915(g) (a prisoner that has filed 3 or more cases that were dismissed for frivolity, maliciousness, or a failure to state a claim may not proceed *in forma pauperis* unless he is in imminent danger of serious injury).

[4] ECF Nos. 1, 1-1.

[5] ECF Nos. 7 (to demand discovery and protection), 9 (for Court's intervention and supplies), 10 (for protection and transfer), 13 (for copies at Defendants' expense), 14 (to recover stolen complaint and discovery), and 15 (to be removed from facility).

1

I have reviewed Tagle's complaint, and there is no indication that he is in imminent danger of serious physical injury.[6] So, Tagle must pay the $400 filing fee in full before he may proceed with this action. I also note that, if Tagle wants to sue the employees of his Arizona prison, he should do so in the United States District Court for the District of Arizona.[7]

Accordingly, IT IS HEREBY ORDERED that Tagle's application to proceed *in forma pauperis* **[ECF No. 1] is DENIED**. IT IS FURTHER ORDERED that Tagle **has until June 30, 2018, to PAY THE $400 FILING FEE IN FULL**. If he fails to do so, this case will be **dismissed**. I will defer any decision on his pending motions until after this deadline.

The **Clerk of Court** is directed to **SEND to Tagle two copies of this order**. The **Clerk of Court** is also directed **RETAIN but NOT FILE** the "tort action" (ECF No. 1-1) until the filing fee is paid.

IT IS FURTHER ORDERED that **Tagle must attach one copy of this order to the check paying the filing fee.**

Dated: May 31, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[6] *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing).

[7] 28 U.S.C. § 1391(b). A plaintiff may bring an action in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.*